

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. K. Lowry, Executive Director
State Board for Vocational Education
P. O. Drawer BB
Austin 11, Texas

> Opinion No. 0-6867
>
> Re: Validity of contract to be made
> between the State Board for Vo-
> cational Education and the Vet-
> eran's Administration

Dear Sir:

We have your recent request for an opinion, which is quoted in full below:

> "The State Board for Vocational Education would like an opinion from your department as to our legal prerogative to enter into a contract with the Veterans Administration whereby the State Board for Vocational Education may train veterans under Public Law No. 16, 78th Congress. Should this contract be consumated with the Veterans Administration, it would entail a program in Texas of fifty to one hundred thousand veterans in approximately one hundred fifty schools over a period of seven or eight years. The Veterans Administration and the State Board for Vocational Education are aware that this contract should be consumated in order that instruction in Business Education, Agriculture, Trade and Industrial Education, and Homemaking may be brought to that class of ex-servicemen who desire to enroll in this type of instruction without leaving their present community.
>
> "(1) May the State Board for Vocational Education enter into the above described contract?

**NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT**

295

Honorable W. E. Lowry - Page 2

"At the present time, some thirty-five or forty
of the above type schools have been organized through
the cooperative efforts of the Veterans Administra-
tion, the State Board for Vocational Education,
the Governor's Approving Committee, and the local
school boards.

"(2)   Should the answer to question No. 1 be
affirmative, would the above contract
apply to those vocational schools of
less than junior college grade which have
been organized under the conditions set
out in paragraph 1 and which are now be-
ginning to operate under city and county
boards of education in various cities
and counties throughout Texas?

"It is the intention of the Veterans Administration
and of the State Board for Vocational Education that exist-
ing contracts between the Veterans Administration and cer-
tain junior colleges, colleges, and universities be not
disturbed by any ruling requested in the above paragraphs."

We understand that the State of Texas, through the
State Board for Vocational Education, has been cooperating with
the federal government for many years in providing vocational
education and rehabilitation.  The federal statutes on vocation-
al education (U. S. C. A., Title 20, ch. 2), enacted in 1917
and subsequently amended, provide federal funds to aid the
States in conducting vocational education, subject to certain
conditions, one of such conditions being that the State, through
its Legislature, accept the provisions of the federal law and
create a State board with all necessary power to cooperate in
administering the federal law.  20 U. S. C. A., Sec. 16.
Another condition is that the State board shall prepare plans,
showing the kinds of vocational education to be conducted, courses
of study, methods of instruction, etc., and submit such plans
to the Federal Board for Vocational Education (now Federal Se-
curity Agency) for approval.  20 U. S. C. A., Sec. 16.

H. B. No. 239, Thirty-Eighth Legislature, chapter
131, which became effective March 24, 1923, accepts, and con-
firms prior acceptances of, the provisions of the above

Honorable W. K. Lowry - Page 3

described federal law, designates the State Treasurer as custodian of all funds allotted to the State of Texas from said federal appropriations, designates and empowers the State Board of Vocational Education to cooperate with the federal board in administering said Act and to do all things necessary to receive the full benefits thereof, and prescribes the requirements for schools to secure the benefits of the Act and the duties of the State board in connection therewith. Although this law was not included in the Revised Civil Statutes of 1925, it is provided in the Final Title, Sec. 6, that "no law affecting Federal aid for vocational education in this State, shall be affected by the repealing clause of this title, except where altered or amended by the Revised Statutes."

The federal statutes on vocational rehabilitation of persons disabled in industry or otherwise (29 U. S. C. A., Secs. 31-44), enacted in 1920 and subsequently amended, provide federal funds for use of the States, subject to certain conditions, including matching of federal money, submission of plans by the State board to the Federal Security Agency for approval, acceptance by the State, through the Legislature, of the federal statutes, and authorization of the State Board for Vocational Education (created to cooperate under Title 20 discussed above) to cooperate in the administration of this federal law.

Article 2675-1, Vernon's Annotated Civil Statutes, enacted in 1929 and subsequently amended, accepts the provisions of the above mentioned vocational rehabilitation laws (29 U. S. C. A., Secs. 31-44), empowers the State Board of Vocational Education to cooperate with the terms and conditions expressed therein, and authorizes the State Treasurer to receive and disburse funds appropriated thereunder.

S. B. No. 120, Forty-Ninth Legislature, ch. 359, approved June 22, 1945, made an appropriation for the biennium ending August 31, 1947, "for the purpose of promoting public school interests and matching Federal funds," the funds so appropriated "to be allotted and expended by the State Board for Vocational Education." This Act of the Legislature further provides that such funds shall be expended in accordance with all Federal laws and regulations governing vocational education. Section 4 of the Act reads as follows:

Honorable W. E. Lowry- Page 4

"Sec. 4. The State Board for Vocational Education, through its Executive Officer, is hereby authorized to receive and disburse in accordance with plans acceptable to the responsible Federal agency, all Federal moneys that are made available to the State of Texas for such purposes as training personnel for national defense industries, and for such other activities as come under the authority of the State Board for Vocational Education."

Section 5 of the Act allocates the funds to particular vocational services, and contains the following additional provision:

"The proper officer or officers of any State Departments, bureaus, or divisions of State Agencies are hereby authorized to make application for and accept any gifts, grants, or allotments from the United States government to be used on State Cooperative and other Federal projects and programs in Texas, including construction of public buildings, repairs and improvements. Any of such Federal funds as may be deposited in the State Treasury are hereby appropriated to the specific purpose authorized by the Federal Government, and subject to the limitations placed in this Act. * * *"

(A similar provision is contained in the appropriation bill for State Departments. See Acts 1945, 49th Legislature, chapter 378, p. 810, at p. 941.)

Public Law 16, 78th Congress, as amended, provides for vocational rehabilitation of disabled veterans of World War II as prescribed by the Administrator of Veterans' Affairs. Section 2 authorizes the Administrator to utilize the facilities of "any other governmental agency as well as those maintained by joint Federal and State contribution; and, in addition, he may, by agreement or contract with public or private institutions or establishments, provide for such additional training facilities as may be suitable and necessary" to accomplish the purposes of the Act.

We understand from your letter and from conferences that you propose to negotiate a contract with the Veterans

Honorable W. E. Lowry - Page 5

Administration whereby you will provide vocational rehabilitation training for veterans who are approved by the Veterans Administration under Public Law 16, 78th Congress, such contract to specify the courses of instruction and the charges therefor to be paid by the Veterans Administration. We further understand that neither the credit nor the public funds of the State of Texas are to be pledged or expended by such contract or by the educational program to be conducted thereunder, but that the entire cost will be paid out of the charges specified in the contract. We further understand that all training provided for in the contract will be conducted by approved local schools, under your supervision, and that you will receive the payments therefor from the Veterans Administration and disburse same to such local schools in accordance with plans acceptable to the Veterans Administration.

Subject to the above statement of our understanding of your proposal, it is our opinion that the State Board for Vocational Education has the authority, under the statutes discussed above, to make such a contract with the Veterans Administration.

We are uncertain as to the meaning of your second question quoted above. Whether a contract "would apply" to particular schools would depend upon the terms of the contract. If you mean to ask whether you could, by contract, legally supersede and terminate valid contracts which may now exist between the Veterans Administration and local schools, our answer is that you cannot, except with the consent of the local schools. But existing contracts may be terminated by agreement of the parties, and any such school may, with your permission, qualify to give the training under your plan. We construe your question, however, to ask whether the State Board for Vocational Education has authority, by agreement with such local schools, to utilize their facilities for furnishing vocational training to veterans under Public Law 16 as provided in said contract and to disburse the moneys received from the Veterans Administration to such local schools in payment for such training. Under the provisions of the appropriation bill mentioned above, the Board is expressly authorized "to receive and disburse in accordance with plans acceptable to the responsible Federal agency, all Federal moneys that are made available to the State of Texas . . . . for such other activities as come under the authority of the State Board for Vocational Education." Here, the responsible

Honorable W. B. Lowry - Page 6


Federal agency is the Veterans Administration. The utilization of such local schools and disbursement of federal money to them, if provided for in the contract with the Veterans Administration, will be "in accordance with plans acceptable" to such agency. The activity, that is, providing vocational education, is one that comes under the authority of the Board. Therefore, we answer your second question, as restated, in the affirmative.

This opinion assumes, without deciding, that the vocational schools contemplated by your proposed contract may be legally organized, with authority to perform the required training and to receive and disburse the specified payments.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Raymond A. Lynch
Raymond A. Lynch
Assistant

APPROVED MAY 13, 1948

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY